**SIERRA CLUB et al., Appellants,**

**v.**

**Rogers C. B. MORTON,. Secretary of the United States Department of the Interior, et al.**

**No. 74–1389.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 17, 1974.

Decided Jan. 3, 1975.

Bruce J. Terris and Suellen T. Keiner, Washington, D.C., for appellants.

Raymond N. Zagone, Edmund B. Clark, Wallace H. Johnson, Jacques B. Gelin, U.S. Dept. of Justice, Washington, D.C., for appellee.

Before BAZELON, Chief Judge, and WRIGHT and MacKINNON, Circuit Judges.

ORDER

PER CURIAM.

On consideration of appellants' motion for a limited injunction pending appeal, and it appearing from the Secretary's answer to Plaintiffs' Revised Supplemental Interrogatory No. 31 that the Secretary is in the process of approving or disapproving the mining plans and railroad rights-of-way set forth in the Eastern Powder River Coal Basin Environmental Impact Statement and that such an injunction is required to maintain the status quo pending disposition of this appeal, it is

Ordered by this court that the aforesaid motion is granted, and it is

Further ordered by this court that the Secretary of the Interior take no action concerning the mining plans and railroad rights-of-way set forth in the Eastern Powder River Coal Basin Environmental Impact Statement pending further order of this court.

Circuit Judge MacKINNON dissents for the reasons set forth in his attached opinion.

MacKINNON, Circuit Judge (dissenting):

In the foregoing order the majority grant appellants' motion for a limited injunction pending appeal and order the Secretary of the Interior to refrain from any action concerning the projects covered by the Eastern Powder River Coal Basin Environmental Impact Statement until further order by this court.

Although the Powder River Statement is attached to the record as an exhibit, the court below was not called upon to rule as to the adequacy of the statement to support the particular federal actions it covers, and therefore that issue is not before this court on appeal. If appellants believe that that particular statement is not sufficient to justify approval of the mining plans and rights-of-way, the proper method for the expression of such concerns is to file an appeal challenging that statement. All of appellants' arguments relating to the necessary scope of impact statements on projects within the region can be raised in a challenge to a particular statement. The appeal presently before this court is not an appropriate vehicle for obtaining *de facto* review in this circuit of the sufficiency of impact statements covering various federal projects within appellants' "Northern Great Plains Region." It obviously is less convenient for appellants to be required to litigate each statement, but the law was not written for the convenience of the Sierra Club and other litigants.

The Powder River Statement is only one of three statements which have been issued on projects within the region. See Supplemental Finding on Remand No. 9a. The adequacy of the statement relating to the Westmoreland mine has been litigated following approval of that application. The Montana District Court held in Redding v. Morton, Civ. No. 74–12–BLG (D.Mont. May 1, 1974) that that statement complies with the requirements of NEPA, and that case is on appeal to the Ninth Circuit. This court obviously cannot enjoin the Ninth Circuit from upholding the Montana District Court and thus allowing the development to proceed. Nor could it enjoin the parties from proceeding with a project approved by another court. The Peabody Coal Company project has also been approved but apparently it has not yet been challenged in court (Supp. Memo of Intervening Defendants-Appellees at 12). If an action is initiated to review the adequacy of the statement covering that project, this court could not prevent another court from entertaining that action. The effect of the proposed injunction, then, is to remove one of the three impact statements from the normal process of judicial review of the adequacy of such statements.

In Scientists Institute for Public Information, Inc. (SIPI) v. AEC, 156 U.S.App. D.C. 395, 411 n.68, 481 F.2d 1079, 1095 n.68 (1973), this court stated:

> The decision whether the time is ripe for a NEPA statement on an overall research and development program is a mixed question of law and fact. . . .

> With respect to judicial review of such mixed questions of law and fact, the Supreme Court has authorized a practical standard of review, the "rational basis" test, under which the court will reverse the agency's decision if it has no warrant in the record and no reasonable basis in law.

The agency decision in the instant case is that no federal program currently exists which requires the preparation of a comprehensive impact statement covering appellants' "Northern Great Plains Region." An agency decision as to the

scope of an impact statement should receive at least as much deference as a decision on the timing of the preparation of a statement. Thus the Department of the Interior's decision not to issue a regional statement should also be upheld if it has a rational basis.

Rather than proceeding on a regional basis, the Secretary has decided to prepare a national policy governing coal leasing activities. The Government's position has consistently been that an impact statement must be prepared before any major federal action relating to coal development will be taken within the "region" or elsewhere. See Supp. Finding on Remand No. 6. Any statement will cover cumulative as well as incremental impacts. Where it finds that a statement covering related actions within an area is appropriate, a broader statement will be issued. The preface of the Powder River Statement, quoted in Supp. Finding on Remand No. 8, illustrates the considerations which determine the appropriate scope of such a statement. The Secretary has also initiated the Northern Great Plains Resources Program Study which by chance covers roughly the same area as the vague "region" described in appellants' complaint. However, this Study is merely intended to provide a framework for future decision-making and is not designed to produce an impact statement for particular federal actions. The court may feel that it would be beneficial for the Government to engage in the type of comprehensive long-range regional planning which appellants advocate, but it cannot be logically argued that the Government's approach to the problem is without a rational basis.

The instant case is distinguishable from *SIPI* which required the preparation of a comprehensive impact statement covering a research and development program for liquid metal fast breeder reactors. *SIPI* dealt with one program of research into a particular type of reactor being conducted by a single federal agency and funded by a separate annual appropriation. It was reasonable to view this program as a "major federal action" for which an overall impact statement would be appropriate. In contrast, appellants in the instant case seek to bring to a halt any federal action which may be related to the development of deposits of three grades of coal distributed through four states. Nine federal agencies and at least 15 types of federal action are involved. The record discloses no action directed to appellants' entire "region" except the Study. It is certainly not necessary for the Government to prepare an impact statement prior to studying a problem.

*SIPI* involved an irretrievable commitment of resources since each expenditure on the development of a particular style of breeder reactor made it more difficult to abandon the investment in favor of an alternate design. No such commitment of resources exists in the instant case. The fact that one mining operation is approved does not compel or impel the approval of other mining proposals elsewhere in the region. While some projects will undoubtedly be interrelated (*e. g.* a mine and associated rail rights-of-way), the impact statements on such projects will be coordinated and must consider cumulative effects. In general the development of any portion of the region can proceed independently of prior development elsewhere.

Absent proof of the existence of an explicit or implicit federal program covering the entire region and absent an irretrievable commitment of *regional* resources from the approval of *individual* federal actions, it cannot be said that the Government has abused its discretion by declining to prepare a regional impact statement. Thus the facts in *SIPI* are distinguishable from the situation here presented and that decision does not require that appellants' contentions be upheld by this court.

The Fifth, Ninth and Tenth Circuits have recently upheld impact statements covering individual projects which were alleged to be part of larger regional developments. Sierra Club v. Stamm, 507

F.2d 788 (10th Cir. Nov. 29, 1974); [1] Sierra Club v. Callaway, 499 F.2d 982 (5th Cir. 1974); [2] Environmental Defense Fund v. Armstrong, 487 F.2d 814 (9th Cir. 1973), cert. denied, 416 U.S. 974, 94 S.Ct. 2002, 40 L.Ed.2d 564 (1974). [3]. The projects dealt with in those cases were more closely related and were confined to smaller geographic areas than are the proposed federal actions attacked by appellants in the instant case, and yet the circuit courts in each of those cases found that an impact statement for the affected region was not required.

For the foregoing reasons I respectfully dissent from the issuance of the subject injunction.

1. This involved the relation of the Strawberry Aqueduct & Collection System to the larger Bonneville Unit and Central Utah Projects.

2. This involved the relation of the Wallisville Reservoir Project to the larger Trinity River Project.

3. This involved the relation of the New Melones Dam to the larger Central Valley (California) Project.